## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § <br> § | Chapter 11 |
| THE AZTEC FUND HOLDING, INC., *et al.*,[1] | § <br> § | Case No. 24-90436 (CML) |
| Debtors. | § <br> § | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMERS REGARDING THE DEBTORS' AMENDED SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

**General**

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") have previously filed their respective Schedules of Assets and Liabilities (collectively with attachments, the "Schedules") and the Statements of Financial Affairs (collectively with attachments, the "Statements," and together with the Schedules, the "Schedules and Statements"), which were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"). The Schedules and Statements were prepared by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

Certain of the Debtors have filed an amendment to their Schedules and/or Statements (collectively, the "Amended Schedules and Statements") as further information has been reviewed or arisen. These Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding the Debtors' Amended Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Amended Schedules and Statements, and should be referred to and considered in connection with any review of the Amended Schedules and Statements.

Although the Debtors' management has made reasonable efforts to ensure that the Amended Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to the Amended Schedules and Statements, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: The Aztec Fund Holding, Inc. (7839); Aztec OME Holdings, Inc. (1731); OME 2001 Mark Center, LLC (9459); OME Bowie Corporate Center, LLC (2184); OME Lake Vista III & IV, LLC (4040); OME Windward Oaks, LLC (5261); TAF 5775 DTC, LLC (2526); TAF Intellicenter, LLC (0832); TAF Lakeside II, LLC (0253); TAF Pinnacle Park, LLC (3055); TAF Pinnacle Park Land, LLC; and TAF Royal Tech, LLC (6049). The Debtors' service address is: Paseo de los Tamarindos 90, Torre 2 - Piso 27, Bosque de las Lomas, CDMX 05120.

4879-6426-1110v.1

inadvertent errors, inaccuracies, or omissions may have occurred. The Amended Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment. Nothing contained in the Amended Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Amended Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Amended Schedules and Statements have been signed by Charles Haddad, President of each of the Debtors. In reviewing and signing the Amended Schedules and Statements, Mr. Haddad necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Haddad has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

**Description of the Cases and Information Date**

On August 5, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas . The chapter 11 cases are being jointly administered under Case No. 24-90436. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The asset information provided herein, except as may otherwise be noted, represents the asset data of the Debtors as of close of business on the Petition Date and the liability data of the Debtors as of close of business on July 31, 2024.

**Basis of Presentation**

The Aztec Fund Holding, Inc. ("TAF Holding") is wholly owned by US TAF S.A.P.I. de C.V. ("US TAF SAPI"), and Aztec OME Holdings, Inc. ("OME Holdings") is owned by TAF OME S.A.P.I. de C.V. ("TAF OME SAPI"). For financial reporting purposes in recent years, prior to the Petition Date, US TAF SAPI and TAF OME SAPI each prepared financial statements that were annually audited and consolidated by each separate fund. TAF Holding and OME Holdings each regularly prepared unaudited financial statements. Combining the assets and liabilities set forth in the Debtors' Amended Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Amended Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Amended Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.

Information contained in the Amended Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

Moreover, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Amendment**

While reasonable efforts have been made to prepare and file complete and accurate Amended Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to further amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

<u>**General Disclosures Applicable to Schedules and Statements**</u>

1.      **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Amended Schedules and Statements. However, to the extent any items reported in the Amended Schedules and Statements have been improperly characterized, classified, categorized, or designated, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate such items at a later time as necessary or appropriate.

2.      **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Amended Schedules and Statements. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

3.      **Leases**. The Debtors have not included in the Amended Schedules and Statements the future obligations of capital or operating leases, if any. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.

4.      **Guarantees and Other Secondary Liability Claims**. The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "<u>Guarantees</u>") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

5.      **Estimates**. To prepare and file the Amended Schedules and Statements, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. The Debtors reserve all rights to amend the reported

3

amounts of assets and liability to reflect changes in those estimates or assumptions.

6.      **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

7.      **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Amended Schedules and Statements as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties on account of the Debtors' obligations to same. Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Amended Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

8.      **Umbrella or Master Agreements**. Contracts listed in the Amended Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Amended Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

9.      **Insiders**. The Debtors have attempted to include all payments made over the twelve (12) months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) any Debtor affiliate, (2) any non-Debtor affiliate, (3) US TAF SAPI and TAF OME SAPI, (4) CFG Administración GP, S.A. de C.V., a Mexican entity, and OME GP, S.A. de C.V. ("OME GP"), a Mexican entity, the managers of TAF Holding and OME Holdings, respectively, or (5) the directors or officers of any of the Debtors. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

10.      **Payments**. The financial affairs and business of the Debtors are complex. Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments will have been made on behalf of another legal entity.

11.      **Totals**. All totals that are included in the Amended Schedules and Statements represent totals of all the known amounts included in the Amended Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Amended Schedules and Statements are inclusive of each Debtor's guarantor obligations.

4

**Specific Notes Applicable to the Amended Schedules and Statements**

**Specific Notes Regarding Amended Schedule E/F**

12.    **Creditors Holding Nonpriority Unsecured Claims**. The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' existing books and records.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves, if any. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed in Schedule E/F, Part 2 arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2 reflects the prepetition amounts owing, if any, to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

The Debtors maintain business relationships between and among themselves resulting in intercompany receivables and payables and other claims in the ordinary course of business. Except for that certain intercompany account payable and account receivable as between TAF Holding and OME Holdings, respectively, the intercompany accounts payable and accounts receivable have been excluded, as applicable, on Schedule E/F, Part 2 for each Debtor.

**Specific Notes Regarding Amended Schedule G**

13.    **Executory Contracts**. While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements,

waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect either distinct agreements between the applicable Debtor and such counterparty, or, in some cases, different noticing addresses related to an agreement.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, non-disturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| OME LAKE VISTA III & IV, LLC | Case No. 24-90435 (CML) |
| Debtor. | |

**AMENDED SCHEDULES OF ASSETS AND LIABILITIES OF DEBTOR**
**OME LAKE VISTA III & IV, LLC (CASE NO. 24-90435)**

**Fill in this information to identify the case:**

Debtor name: **OME Lake Vista III & IV, LLC**

United States Bankruptcy Court for the: **Southern District of Texas**

Case number: **24-90435**

 Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---:|
| 1a. **Real property:** | $0.00 |
| Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | $463,253.98 |
| Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | $463,253.98 |
| Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

| | |
|---|---:|
| | $0.00 |
| Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D | |

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---:|
| 3a. **Total claim amounts of priority unsecured claims:** | $0.00 |
| Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | $115,719,636.63 |
| Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities**

| | |
|---|---:|
| Lines 2 + 3a + 3b | $115,719,636.63 |

| Fill in this information to identify the case: |
| --- |
| Debtor name: OME Lake Vista III & IV, LLC |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number: 24-90435 |

☑ **Check if this is an amended filing**

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |
| **2. Cash on hand** | | | |
| 2.1 | | | $0.00 |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1 Bank of America | Operating | 3973 | $32,337.99 |
| 3.2 Bank of America | Depository | 3986 | $36,584.09 |
| 3.3 Bank of America | Property Tax Escrow | 7827 | $350,742.22 |
| **4. Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $419,664.30 |
| --- |

**Part 2:**  **Deposits and prepayments**

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| **7. Deposits, including security deposits and utility deposits**<br>Description, including name of holder of deposit | |
| 7.1    Energy | $1,200.00 |
| **8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**<br>Description, including name of holder of prepayment | |
| 8.1    Insurance Prepayment - Sompo International | $42,389.68 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| $43,589.68 |
|---|

**Part 3:**  **Accounts receivable**

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|
| 11. Accounts receivable | | | | |
| 11a.    90 days old or<br>less: | _____<br>face amount | – | _____<br>doubtful or uncollectible accounts | = ........ ➔ $0.00 |
| 11b.    Over 90 days old: | _____<br>face amount | – | _____<br>doubtful or uncollectible accounts | = ........ ➔ $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $0.00 |
|---|

**Part 4:**  **Investments**

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1**<br>Name of fund or stock: | | |
| 14.1 | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:          % of ownership:

15.1 _____    _____                   $0.00

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____    _____    $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                      $0.00

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                      $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

Debtor    OME Lake Vista III & IV, LLC
     Name

Case number *(if known)* 24-90435

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

        ☐ No

        ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

### Part 7:   Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1  De Minimis Furniture - See Global Notes | | N/A | De Minimis |
| **40. Office fixtures** | | | |
| 40.1  De Minimis Fixtures - See Global Notes | | N/A | De Minimis |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1  De Minimis Office Equipment - See Global Notes | | N/A | De Minimis |
| **42. Collectibles**  *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.                                      $0.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

### Part 8:   Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1 _____  _____  _____  _____  $0.00

**49. Aircraft and accessories**

49.1 _____  _____  _____  _____  $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____  _____  _____  _____  $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 9:    Real Property**

---

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | _____ | _____ | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:   Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:   All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

Debtor    OME Lake Vista III & IV, LLC
          Name                                                    Case number *(if known)* 24-90435

|  | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1

_____    _____    -    _____    =  ➡    _____  $0.00
                       total face amount        doubtful or uncollectible
                                                amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

_____    Tax year  _____    _____  $0.00

**73. Interests in insurance policies or annuities**

73.1

_____    _____  $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____    _____  $0.00

Nature of Claim    _____

Amount requested   _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

_____    _____  $0.00

Nature of Claim    _____

Amount requested   _____

**76. Trusts, equitable or future interests in property**

76.1

_____    _____  $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____    _____  $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    _____  $0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $419,664.30 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $43,589.68 | |

Debtor  OME Lake Vista III & IV, LLC
Name
Case number *(if known)* 24-90435

**82. Accounts receivable.** Copy line 12, Part 3.                                    $0.00

**83. Investments.** Copy line 17, Part 4.                                          $0.00

**84. Inventory.** Copy line 23, Part 5.                                            $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.                    $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy           $0.00
line 43, Part 7.

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.                    $0.00

**88. Real property. Copy line 56, Part 9.**                              ➔            $0.00

**89. Intangibles and intellectual property.** Copy line 66, Part 10.                $0.00

**90. All other assets.** Copy line 78, Part 11.                                    $0.00

**91. Total. Add lines 80 through 90 for each column**    91a.    | $463,253.98 |    91b.    | $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                          | $463,253.98 |

**Fill in this information to identify the case:**

Debtor name: OME Lake Vista III & IV, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 24-90435

☑ **Check if this is an amended filing**

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:** List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|

2.1

DENTON CENTRAL APPRAISAL DISTRICT -- 3911 MORSE ST, DENTON, TX 76208

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Tax Claim

**Is the claim subject to offset?**

☑ No

☐ Yes

Total claim: Undetermined    Priority amount: Undetermined

2.2

TEXAS COMPTROLLER OF PUBLIC ACCOUNTS -- PO BOX 149348, AUSTIN, TX 78714-9348

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _8_ )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Tax Claim

**Is the claim subject to offset?**

☑ No

☐ Yes

Total claim: Undetermined    Priority amount: Undetermined

**Part 2:**   List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

3.1

ACTION FIRE PROS -- PO BOX 797, WAXAHACHIE, TX 75168

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

$1,100.00

3.2

ALPHA GLASS AND MIRROR COMPANY, INC. -- 8901 SOVEREIGN ROW, DALLAS, TX 75247

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

$0.00

3.3

AT&T -- 600 NORTH POINT PKWY, ALPHARETTA, GA 30005

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

$0.00

**3.4**

BANK OF AMERICA, NA -- ATTN GARY J. KATUNAS, 110 N WACKER DR, 10TH FL, CHICAGO, IL 60606

**Date or dates debt was incurred**
11/4/2019

**As of the petition filing date, the claim is:**                                   $115,713,429.25
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Term Loan

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.5**

C&D COMMERCIAL SERVICES, INC. -- 5030 DEXHAM RD STE 102, ROWLETT, TX 75088

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**                                   $276.04
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.6**

CITY OF LEWISVILLE, TX -- P.O. BOX 731962, DALLAS, TX 75373-1962

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**                                   $0.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.7**

CLEAN SCAPES -- 1927 ADELINE ST, DALLAS, TX 75235

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**                                   $1,197.20
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No
☐ Yes

**3.8**

DEFINITY PEST SERVICES, LLC -- P.O. BOX 744253, DALLAS, TX 75374

**Date or dates debt was incurred**

As of the petition filing date, the claim is:                                    $649.50
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

**3.9**

EVOLUTION MECHANICAL -- 10780 SHADY TRAIL , DALLAS, TX 75220

**Date or dates debt was incurred**

As of the petition filing date, the claim is:                                    $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

**3.10**

FRONTIER COMMUNICATIONS OF TEXAS -- P.O. BOX 740407, CINCINNATI, OH 45274-0353

**Date or dates debt was incurred**

As of the petition filing date, the claim is:                                    $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

**3.11**

GEXA ENERGY LP -- P.O. BOX 692099, HOUSTON, TX 77269-2099

**Date or dates debt was incurred**

As of the petition filing date, the claim is:                                    $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

3.12

LANDSCAPE & FLORAL GROUP INTERIORS, INC. -- 4516 LOVERS LN STE 110, DALLAS, TX 75225

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

$0.00

3.13

MID AMERICA METALS -- PO BOX 860, OZARK, MO 65721

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

$208.39

3.14

PETRI ELECTRIC, INC. -- ATTN ROBERT SCOTT, PRESIDENT, 907 N BOWSER RD, RICHARDSON, TX 75081

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

$1,000.15

3.15

REPUBLIC SERVICES, INC. -- 1820E SKY HARBOR CIRCLE S STE 150, PHOENIX, AZ 85034

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

$1,218.12

3.16

TK ELEVATOR (FKA THYSSENKRUPP ELEVATOR CORPORATION) -- 4355
EXCEL PKWY STE 800, ADDISON, TX 75001

**Date or dates debt was incurred**

As of the petition filing date, the claim is:                    $557.98
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade Claim

**Is the claim subject to offset?**
☑ No

☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 Bank of America, NA -- c/o Mayer Brown, Attn Thomas Kiriakos, 71 South Wacker Drive, Chicago, IL 60606 (tkiriakos@mayerbrown.com) | Line 3.4 ☐ Not listed. Explain | Loan Alias: TAF PINNAC00002 |

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $115,719,636.63 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $115,719,636.63 |

**Fill in this information to identify the case:**

Debtor name: OME Lake Vista III & IV, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number: 24-90435

☑ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets−Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☑ Amended *Schedule*      A/B, Part 1, Question 3; A/B, Part 2, Question 8; and E/F, Part 2

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 11/6/2024 | /s/ Charles Haddad |
| Executed on | Signature of individual signing on behalf of debtor |
| | Charles Haddad |
| | Printed name |
| | President |
| | Position or relationship to debtor |

**AMENDED SCHEDULE AB 3 ATTACHMENT (BLACKLINE)**

Checking, Savings, Money Market, or Financial Brokerage Accounts

| Amendment | Name of Institution | Type of Account | Last 4 Digits of Account # | Previous Current Value | Amended Current Value |
|---|---|---|---|---|---|
| Changed | Bank of America | Operating | 3973 | 0.00 | 32,337.99 |
| Changed | Bank of America | Depository | 3986 | 0.00 | 36,584.09 |
| Changed | Bank of America | Property Tax Escrow | 7827 | 0.00 | 350,742.22 |

| **Total** | | | | **0.00** | **419,664.30** |

**AMENDED SCHEDULE AB 8 ATTACHMENT (BLACKLINE)**

Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

| Amendment | Description, including name of holder of prepayment | Previous Current Value | Amended Current Value |
|-----------|-----------------------------------------------------|------------------------|------------------------|
| Changed | Sompo International insurance prepayment | 60,055.95 | 42,389.68 |
| **Total** | | **60,055.95** | **42,389.68** |

**AMENDED SCHEDULE F ATTACHMENT (BLACKLINE)**
Creditors Who Have Non-Priority Unsecured Claims

| Amendment | Creditor's Name | Attention | Address 1 | Address 2 | City | State | ZIP | Country | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? | Previous Total Claim | Amended Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | ACTION FIRE PROS | | PO BOX 797 | | WAXAHACHIE | TX | 75168 | | Trade Claim | | | | No | 1,100.00 | 1,100.00 |
| Changed | ALPHA GLASS AND MIRROR COMPANY, INC. | | 8901 SOVEREIGN ROW | | DALLAS | TX | 75247 | | Trade Claim | | | | No | 350.73 | 0.00 |
| Changed | AT&T | | 600 NORTH POINT PKWY | | ALPHARETTA | GA | 30005 | | Trade Claim | | | | No | 91.95 | 0.00 |
| | BANK OF AMERICA, NA | ATTN GARY J. KATUNAS | 110 N WACKER DR, 10TH FL | | CHICAGO | IL | 60606 | | Term Loan | X | X | X | No | 115,713,429.25 | 115,713,429.25 |
| | C&D COMMERCIAL SERVICES, INC. | | 5030 DEXHAM RD STE 102 | | ROWLETT | TX | 75088 | | Trade Claim | | | | No | 276.04 | 276.04 |
| Changed | CITY OF LEWISVILLE, TX | | P.O. BOX 731962 | | DALLAS | TX | 75373-1962 | | Trade Claim | | | | No | 2,953.80 | 0.00 |
| | CLEAN SCAPES | | 1927 ADELINE ST | | DALLAS | TX | 75235 | | Trade Claim | | | | No | 1,197.20 | 1,197.20 |
| | DEFINITY PEST SERVICES, LLC | | P.O. BOX 744253 | | DALLAS | TX | 75374 | | Trade Claim | | | | No | 649.50 | 649.50 |
| Changed | EVOLUTION MECHANICAL | | 10780 SHADY TRAIL | | DALLAS | TX | 75220 | | Trade Claim | | | | No | 1,737.55 | 0.00 |
| Changed | FRONTIER COMMUNICATIONS OF TEXAS | | P.O. BOX 740407 | | CINCINNATI | OH | 45274-0353 | | Trade Claim | | | | No | 673.72 | 0.00 |
| Changed | GEXA ENERGY LP | | P.O. BOX 692099 | | HOUSTON | TX | 77269-2099 | | Trade Claim | | | | No | 26,186.90 | 0.00 |
| Changed | LANDSCAPE & FLORAL GROUP INTERIORS, INC. | | 4516 LOVERS LN STE 110 | | DALLAS | TX | 75225 | | Trade Claim | | | | No | 146.14 | 0.00 |
| | MID AMERICA METALS | | PO BOX 860 | | OZARK | MO | 65721 | | Trade Claim | | | | No | 208.39 | 208.39 |
| | PETRI ELECTRIC, INC. | ATTN ROBERT SCOTT, PRESIDENT | 907 N BOWSER RD | | RICHARDSON | TX | 75081 | | Trade Claim | | | | No | 1,000.15 | 1,000.15 |
| | REPUBLIC SERVICES, INC. | | 1820E SKY HARBOR CIRCLE S STE 150 | | PHOENIX | AZ | 85034 | | Trade Claim | | | | No | 1,218.12 | 1,218.12 |
| | TK ELEVATOR (FKA THYSSENKRUPP ELEVATOR CORPORATION) | | 4355 EXCEL PKWY STE 800 | | ADDISON | TX | 75001 | | Trade Claim | | | | No | 557.98 | 557.98 |
| **TOTAL** | | | | | | | | | | | | | | **115,751,777.42** | **115,719,636.63** |