## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| THE AZTEC FUND HOLDING, INC., *et al.*,[1] | § § § | Case No. 24-90436 (CML) |
| Debtors. | § § § | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT;
## (II) APPROVING SOLICITATION AND NOTICE PROCEDURES;
## (III) APPROVING FORMS OF BALLOT AND NOTICES IN CONNECTION
## THEREWITH; (IV) APPROVING COMBINED HEARING TIMELINE;
## (V) APPROVING EQUITY AUCTION PROCEDURES; AND
## (VI) GRANTING RELATED RELIEF

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on April 23, 2025, 9:00 a.m. in Courtroom 401, Floor, 515 Rusk, Houston, TX 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "Judge Lopez". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: The Aztec Fund Holding, Inc. (7839); Aztec OME Holdings, Inc. (1731); OME 2001 Mark Center, LLC (9459); OME Bowie Corporate Center, LLC (2184); OME Lake Vista III & IV, LLC (4040); OME Windward Oaks, LLC (5261); TAF 5775 DTC, LLC (2526); TAF Intellicenter, LLC (0832); TAF Lakeside II, LLC (0253); TAF Pinnacle Park, LLC (3055); TAF Pinnacle Park Land, LLC (4591); and TAF Royal Tech, LLC (6049).  The Debtors' service address is: Paseo de los Tamarindos 90, Torre 2 - Piso 27, Bosque de las Lomas, CDMX 05120.

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") in these chapter 11 cases (the "***Chapter 11 Cases***") file this motion (this "***Motion***"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), applicable Bankruptcy Local Rules, and Section P of the Procedures for Complex Cases in the Southern District of Texas (the "***Complex Case Procedures***"), requesting entry of an order, substantially in the form attached hereto (the "***Order***"), granting the following relief:

a.      ***Disclosure Statement***. Conditionally approving the adequacy of the Disclosure Statement;[2]

b.      ***Solicitation and Voting Procedures***. Approving procedures for: (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan and Disclosure Statement (the "***Solicitation and Voting Procedures***"), substantially in the form attached to the Order as Exhibit 2;

c.      ***Solicitation Packages***. Finding that the solicitation materials and documents included in the solicitation packages (the "***Solicitation Packages***") that will be sent to holders of Claims who are entitled to vote to accept or reject the Plan are in compliance with Bankruptcy Rules 2002(b) and 3017(d);

d.      ***Ballot***. Approving the ballot, substantially in the form attached to the Order as Exhibit 3 (the "***Ballot***"), to be included in the Solicitation Packages;

e.      ***Equity Auction Procedures.*** Approving the form and manner of the auction (the "***Equity Auction***") for 100% of the membership interests in TAF Westway, LLC (the "***Westway Interests***"), a non-debtor, currently owned by The Aztec Fund Holding, Inc.

f.      ***Notice of Equity Auction and Combined Hearing***. Approving the form and manner of notice of the combined hearing to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan including the sale of TAF Westway, LLC (the "***Combined Hearing***"), substantially in the form attached to the Order as Exhibit 4 the ("***Notice of Equity Auction and Combined***

---

[2] The *Combined Disclosure Statement and Joint Plan of Liquidation of The Aztec Fund Holding, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* is attached to the Order as Exhibit 1 (the "***DSPL***"). Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the DSPL.

*Hearing*");

g.     ***Notices of Non-Voting Status***. Approving the form of notice, substantially in the form attached to the Order as <u>Exhibit 5</u> (the "***Non-Voting Status Notice***"), to be sent to holders of Claims or Interests who are not entitled to vote on the Plan because they hold (i) unclassified Claims or (ii) are presumed to reject the Plan under section 1126(g) of the Bankruptcy Code; and

h.     ***Confirmation Schedule***. Establishing the following dates and deadlines with respect to confirmation of the Plan (the "***Confirmation Schedule***"):

| Event | Date |
|---|---|
| Voting Record Date | April 23, 2025 |
| Hearing on Conditional Approval of the Disclosure Statement | April 23, 2025, at 9:00 a.m. (prevailing Central Time) |
| Deadline for Plan Solicitation and Mailing of Confirmation Hearing Notice | Two (2) Business Days after entry of the Order conditionally approving the Disclosure Statement |
| Equity Auction for Sale of Westway Interests | June 3, 2025 |
| Deadline for Objecting to Equity Auction, Disclosure Statement and Confirmation of the Plan | June 6, 2025, at 4:00 p.m. (prevailing Central Time) |
| Voting Deadline | June 6, 2025, at 4:00 p.m. (prevailing Central Time) |
| Deadline for Filing Voting Report | June 10, 2025 |
| Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation | June 12, 2025 at 1:00 p.m. (prevailing Central Time) |

## <u>Jurisdiction and Venue</u>

1.     The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

I.   **General Background**

2.      On August 5, 2024 (the "***Petition Date***"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases (the "***Chapter 11 Cases***") are jointly administered.

3.      The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

5.      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Charles Haddad in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "***First Day Declaration***").

6.      On December 3, 2024, the Debtors filed their initial *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* [Dkt. 227] and sought emergency relief requesting the conditional approval thereof for solicitation purposes.  [Dkt. 232]. On January 16, 2025, the Debtors filed a revised *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* for solicitation purposes (the "***First Amended Plan***"). [Dkt. 308].

7.      On January 13, 2025, Bank of America, National Association ("***BANA***") filed its *Objection to Debtors' Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* [Dkt. 302], and then on January 14, 2025, BANA cast its Class 2 and Class 3

ballots to reject the First Amended Plan. A joint hearing on the *Stay Relief Motion* and the *First Amended Plan* (the "**First Hearing**") was conducted on January 17, 2025, and January 24, 2025.

8.      During the First Hearing, the Debtors requested and received additional time to consider further amendments to the First Amended Plan.  Following further negotiations with BANA, the Debtors agreed to the liquidation of the Debtors' remaining assets, including the sale of Mark Center, Bowie, and Windward Oaks pursuant to section 363 of the Bankruptcy Code and under a new plan.  In addition, Debtors have agreed to sell the Westway Interests via an Equity Auction to be conducted, if necessary, in advance of the Combined Hearing.

9.      On March 11, 2025, Debtors filed their *Combined Disclosure Statement and Plan of Liquidation (*the *"DSPL")*.

10.     The DSPL includes the information required for creditors to make an informed vote on the Plan and details how the Plan will be implemented.

## Basis for Relief

**A.      The Court Should Conditionally Approve the Disclosure Statement.**

11.     Pursuant to section 1125 of the Bankruptcy Code, prior to, or concurrently with, the solicitation of votes on the plan, a plan proponent must provide "adequate information" about the plan to voting creditors and interest holders.[3]  The term "adequate information" means "information of a kind, and in sufficient detail, as far as is reasonably practicable" to permit an "informed judgment about plan."[4]  Determining what constitutes "adequate information" is subject to the Court's discretion.[5]

---

[3] 11 U.S.C. § 1125.

[4] 11 U.S.C. § 1125(a)(1).

[5] *See, e.g., Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.*), 150 F.3d 503, 518 (5th Cir. 1998).

12.     The DSPL contains adequate information in sufficient detail for voting creditors to make an informed judgment about the Plan, including: (a) the Debtors' history; (b) the events leading to the commencement of these Chapter 11 Cases; (c) material events in these Chapter 11 Cases, (d) the classification and treatment of Claims and Interests; (e) the source of consideration for Plan distributions and the means for implementing the Plan; (f) provisions governing distributions; (g) the releases, injunction, and exculpations under the Plan, which are conspicuously displayed in accordance with Bankruptcy Rule 3016(c); (h) the statutory requirements for confirmation; (i) the estimated return to creditors under a hypothetical chapter 7 liquidation; (j) risk factors related to the Plan; and (k) certain U.S. federal tax consequences arising from the implementation of the Plan.[6]

13.     Local Rule 3016-2 and Section P of the Complex Case Procedures permit a plan proponent to move for conditional approval of a disclosure statement and a combined hearing to consider final approval of the disclosure statement and confirmation of the plan.[7]   Conditional approval of the Disclosure Statement pursuant to Bankruptcy Local Rule 3016-2 and Section P of the Complex Case Procedures is warranted under the circumstances.  Very few creditors will be entitled to vote on the Plan because the Debtors negotiated with BANA, as secured creditor, a liquidation of the Debtors and a distribution of BANA's collateral to it. This leaves virtually no assets for distribution to unsecured creditors of most of the Debtors, and such distribution will only take place at the two holding companies – TAF Holdco and OME Holdco.  The sole source of recovery for unsecured creditors is the sale proceeds for the Westway Interests, and the Equity Auction is prominently described in the DSPL.  Also, BANA has reviewed and consented to the

---

[6] *See In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567-68 (Bankr. N.D. Ga. 1984) (citing factors for determining inclusion of adequate information)

[7] L. Bankr. R. 3016-2.

solicitation of the DSPL. The Motion and Order comply with the requirements for conditional approval under Bankruptcy Local Rule 3016-2 and Section P of the Complex Case Procedures by (a) identifying Stretto, Inc. ("<u>Stretto</u>"), as the Debtors' claims, noticing, and solicitation agent (the "***Solicitation Agent***"), (b) proposing the Confirmation Schedule, (c) seeking final approval of the Solicitation and Voting Procedures, the forms of notice to be provided to creditors, and the form of Ballot, and (d) establishing the Voting Deadline (as defined below) and Voting Record Date (as defined below).

14. The Court should approve the Disclosure Statement, on a conditional basis, subject to final approval at the Combined Hearing, as containing "adequate information" for voting creditors to make an informed decision on whether to vote to accept the Plan.

**B.    The Court Should Approve the Setting of Certain Dates and Deadlines in Connection with Final Approval of the Disclosure Statement, Plan Confirmation, and the Form of Combined Hearing Notice.**

**i.    The Court Should Approve the Combined Hearing and the Notice of Equity Auction and Combined Hearing.**

15. Section 105(d)(2)(B)(vi) of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."[8] Bankruptcy Local Rule 3016-2 and Section P of the Complex Case Procedures authorizes a plan proponent to file a motion for conditional approval of a disclosure statement that requests a joint hearing to consider final approval of the disclosure statement and confirmation of a plan.

---

[8] *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) (holding that section 105(d) of the Bankruptcy Code authorizes the court to hold combined hearings for disclosure statements and plans).

16.     Here, an expeditious confirmation process is appropriate under the circumstances of these Chapter 11 Cases as a cost effective means to facilitate a timely liquidation of the Debtors. The Debtors request that the Court schedule a Combined Hearing on final approval of the Disclosure Statement, and confirmation of the Plan, including the Equity Auction, for **June 12, 2025, at 1:00 p.m. (prevailing Central Time )** (the "***Combined Hearing Date***").

17.     The Debtors also request that the Court approve the form of Notice of Equity Auction and Combined Hearing, which includes: (a) instructions on how to participate in the Equity Auction for the Westway Interest, (b) instructions as to how to view or obtain copies of the DSPL, the Order, and all other materials in the Solicitation Package (excluding the Ballot) from the Debtors' Solicitation Agent, including through the Debtors' case website maintained by the Solicitation Agent, and the Court's website via PACER; (c) notice of the deadline for voting on the Plan (the "***Voting Deadline***"); (d) notice of the DSPL Objection Deadline (as defined below) and instructions for filing an objection; (e) notice of the Combined Hearing Date and information related thereto; and (f) instructions for attending the Combined Hearing electronically.

18.     The Debtors propose to serve the Notice of Equity Auction and Combined Hearing on all known holders of Claims and Interests as of the Voting Record Date and any other party entitled to notice under Bankruptcy Rule 2002 and applicable Bankruptcy Local Rules (regardless of whether such parties are entitled to vote on the Plan), and the Creditor Matrix in these cases by two (2) Business Days after entry of the Order (the "***Solicitation and Notice Deadline***"). The Court should approve the proposed form of Notice of Equity Auction and Combined Hearing because the notice period provided after service of the Notice of Equity Auction and Combined Hearing, and the service of the notice of this Motion will provide creditors with sufficient notice of the Combined Hearing.

### ii.    The Court Should Approve the Voting Record Date.

19.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."[9] Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.[10]

20.    The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish **April 23, 2025** as the voting record date (the "***Voting Record Date***"). The Debtors propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Voting Record Date. Accordingly, the Court should approve the Voting Record Date.

### iii.    The Court should Approve the Voting Deadline.

21.    Bankruptcy Rule 3017(c) provides, in relevant part, that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan"[11] The Debtors request that the Court establish  **4:00 p.m. (prevailing Central Time) on June 6, 2025,** as the deadline for voting on the Plan (the "***Voting***

---

[9] Fed. R. Bankr. P. 3017(d).

[10] Fed. R. Bankr. P. 3018(a).

[11] Fed. R. Bankr. P. 3017(c).

*Deadline*").  The Debtors anticipate serving the Solicitation Packages as soon as practicable after entry of the Order, but in no event later than the Solicitation and Notice Deadline. The Debtors propose that, for votes to be counted, all Ballots must be properly executed, completed, and delivered in the manner described in the Solicitation and Voting Procedures so that they are *actually received* by the Solicitation Agent no later than the Voting Deadline.

    iv. **The Court Should Approve the Timing of the Combined Hearing and the DSPL Objection Deadline.**

  22. Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and that parties in interest can object to confirmation.[12]  Rule 2002(b) provides that there should be "not less than "28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement . . . " and "(2) for filing objections and the hearing to consider confirmation of a. . . chapter 11 plan."[13]  Bankruptcy Rule 3017(a) provides that the court shall hold a hearing on at least 28 days' notice as set forth in Bankruptcy Rule 2002 to consider a disclosure statement and objections to a disclosure statement must be filed and served at any time before it is approved or an earlier date fixed by the court.[14] However, Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a plan must be filed and served within a time fixed by the court.[15]

  23. The Debtors request that the Court establish **4:00 p.m. (prevailing Central Time) on June 6, 2025** as the deadline for filing and serving objections to confirmation of the Plan, including the Equity Auction, and final approval of the Disclosure Statement (the "***DSPL***

---

[12] *See* 11 U.S.C. § 1128.

[13] Fed. R. Bankr. P. 2002(b).

[14] Fed. R. Bankr. P. 3017(a).

[15] Fed. R. Bankr. P. 3020(b)(1).

*Objection Deadline*").  The DSPL Objection Deadline is more than thirty (30) days after the Solicitation and Notice Deadline, while the Combined Hearing Date is set to occur more than thirty-five (35) days after the Solicitation and Notice Deadline.

24.     The proposed DSPL Objection Deadline and notice period for the Combined Hearing Date will afford the Court, the Debtors, and other parties in interest reasonable time to consider any objections and proposed modifications to the Plan prior to the Combined Hearing.

25.     The Debtors also request that the Court direct the manner for filing objections to confirmation of the Plan, as set forth in the Notice of Equity Auction and Combined Hearing, to require that such objections, if any, must:

   a.     be in writing;

   b.     comply with the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court

   c.     state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

   d.     be filed with the Court on or before the DSPL Objection Deadline.

**C.     The Court Should Approve the Solicitation and Voting Procedures and the Contents of the Solicitation Package.**

26.     The Debtors seek approval of the Solicitation and Voting Procedures and the contents of the Solicitation Package, as described below, to efficiently solicit votes in connection with the Plan in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules. The Debtors propose to serve the Solicitation Packages on, and solicit votes to accept or reject the Plan, from BANA in multiple Classes and from holders of Claims in Classes 1B and 8B (collectively, the "*Voting Classes*"). There are only an estimated 8 creditors entitled to vote on the Plan. The

Debtors are not proposing to solicit votes from holders of Claims and Interests in any of the other classes under the Plan (the "***Non-Voting Classes***").

> ### i.     The Voting and Tabulation Procedures.

27.     Section 1126(c) of the Bankruptcy Code sets forth the numerosity and amount requirements for determining whether a class of claims has accepted a plan.[16]  Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form."[17]

28.     To facilitate the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria (the "***Voting and Tabulation Procedures***") set forth in the Solicitation and Voting Procedures. The amount of the Claim established pursuant to Voting and Tabulation Procedures shall control for voting purposes only and shall not constitute the allowed amount of any Claim for purposes of distribution under the Plan or the amount of any Claim for any other purpose. The Voting and Tabulation Procedures provide, among other things, that the Debtors may waive any defects or irregularities as to any particular Ballot at any time. Any such waivers shall be documented in the Voting Report. The Voting and Tabulation Procedures comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and should be approved.

> ### ii.     Form of Ballot.

29.     The Bankruptcy Rules provide that creditors entitled to vote on a plan must be sent a form of ballot conforming to the appropriate Official Form, and that such creditors' acceptance

---

[16] 11 U.S.C. § 1126(c).

[17] Fed. R. Bankr. P. 3018(c).

or rejection must conform to the appropriate Official Form.[18]  The form of the Ballot is based on

Official Form No. 314 and has been modified to include certain additional information that the

Debtors believe to be relevant and appropriate for holders of Claims entitled to vote on the Plan as

of the Voting Record Date.  There are no proposed third party releases in the Plan, so no "opt-

out" feature is warranted in the Solicitation Procedures.  Accordingly, the Ballot complies with

Bankruptcy Rules 3017(d) and 3018(c) and should be approved.[19]

### iii.    The Balloting Process.

30.    The Debtors, through their Solicitation Agent, will: (a) distribute the Solicitation

Packages and solicit votes on the Plan in compliance with the Solicitation and Voting Procedures;

(b) receive, tabulate, and report on Ballots; and (c) respond to inquiries relating to the solicitation

and voting process, including all matters related thereto.  The Solicitation Agent will file a voting

report (the "***Voting Report***") with the Court by **June 10, 2025**, which is two Business Days before

the Combined Hearing.

31.    The Debtors request that the Solicitation Agent be authorized (to the extent not

already authorized by another order of the Court) to assist the Debtors in (a) distributing the

Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject

the Plan by holders of Claims, (c) responding to inquiries from holders of Claims or Interests and

other parties in interest relating to the Plan and Disclosure Statement, the Ballots, the Solicitation

Packages, and all other related documents and matters related thereto, including the procedures

and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting

votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan.

---

[18] See Fed. R. Bankr. P. 3017(d), 3018(c).

[19] *See* Fed. R. Bankr. P. 3017(d), 3018(c).

The Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies.

32.     The Debtors further request that the Solicitation Agent be authorized to accept Ballots via electronic online transmission through a customized online balloting portal on the Debtors' case website to be maintained by the Solicitation Agent ("eBallot"). Parties entitled to vote through eBallot may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing eBallot. The encrypted data and audit trail created by such electronic submission will become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective. The Debtors request that Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature. eBallot is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

### iv.     The Content and Distribution of the Solicitation Packages.

33.     Bankruptcy Rule 3017(d) provides that, upon approval of a disclosure statement, the plan proponent shall mail to creditors and interest holders a copy of the plan or a summary thereof, the disclosure statement, a notice of the voting deadline, and any other information as the court may direct.[20]  In addition, the plan proponent must provide notice to all creditors of the deadline for filing plan objections and, with respect to voting creditors, a form of Ballot conforming to Official Form No. 314.[21]

34.     The Debtors propose to distribute the Solicitation Packages to holders of Claims

---

[20] Fed. R. Bankr. P. 3017(d).

[21] *See id.*

who, as of the Voting Record Date, are entitled to vote on the Plan by no later than the Solicitation and Notice Deadline by email where available and first class mail. Each Solicitation Package will include the following materials:

a.    the Solicitation and Voting Procedures;

b.    the DSPL;

c.    a Ballot, together with detailed voting instructions with respect thereto and a pre-addressed, postage-prepaid return envelope;

d.    the Notice of Equity Auction and Combined Hearing; and

e.    such other materials as the Court may direct.

35.    The Combined Hearing Notice will include a website link directing recipients to the electronic format of the documents and providing recipients directions for obtaining a print or email copy of such documents if they so desire. The Debtors submit that this method of distributing Solicitation Packages is fast, efficient for the Debtors and provides necessary flexibility if hard copy packages are required. Thus, the form and form of delivery of Solicitation Packages should be approved.

**D.    The Court Should Approve the form of Non-Voting Status Notices.**

36.    In compliance with section 1123(a)(1) of the Bankruptcy Code and as reflected in the Plan, Administrative Claims, Priority Tax Claims and Other Priority Claims have not been classified and are not entitled to vote on the Plan. Additionally, the holders of Claims and Interests in the Non-Voting Classes are not entitled to vote on the Plan. As a result, the holders of such Claims will not receive Solicitation Packages.

37.    The Debtors propose to serve the *Non-Voting Status Notice to Holders of Unclassified Claims and Impaired Claims Conclusively Presumed to Reject the Plan*, substantially in the form attached as <u>Exhibit 5</u> to the Order, to certain holders of Claims or Interests who are

not entitled to vote because they are (i) unclassified or (ii) deemed to reject the Plan under section 1126(g) of the Bankruptcy Code. The Debtors request that such notices are not required to be sent to the holders in any Class of Interests except Classes 1C (TAF Holdco) and 8C (OME Holdco).

38.     The Non-Voting Status Notices include (a) instructions on how to view or obtain copies of the DSPL, the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent free of charge and the Court's website via PACER; (b) a disclosure regarding the release, exculpation and injunction language set forth in the Plan; (c) notice of the DSPL Objection Deadline; (d) notice of the Combined Hearing Date; and (e) related information. The transmittal of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d) and should be approved.

**E.    The Court Should Approve the Equity Auction Procedures.**

39.     The Debtors intend to liquidate all assets in connection with the Plan, including assets that are not part of the collateral of BANA. The most significant remaining asset is the Westway Interests. TAF Westway, LLC owns commercial office property in Houston, Texas and is indebted to Nexbank in the approximate amount of $64 million. The current parent of TAF Holdco is the stalking horse bidder for the Equity Auction of the Westway Interests. In order to complete the sale of the Westway Interests in conjunction with Plan confirmation, the Debtors propose the following procedures for the Equity Auction, which are also set forth in the DSPL:

a.     <u>Equity Auction Date and Time.</u>

At 2:00 p.m. Central Time on June 3, 2025, the Equity Auction shall be held at the offices of Munsch Hardt Kopf & Harr, P.C., in Houston, Texas, for the purpose of auctioning and selling 100% of the Westway Interests, subject to all other terms and conditions of this Plan, to the Westway Purchaser for the Westway Proceeds.

The Equity Auction will be cancelled and will not be held, without further notice, if there are no Qualified Bidders (defined below) by the applicable deadline (other than the Stalking Horse Bidder).

      b.     <u>Stalking Horse.</u>

The Stalking Horse Bid shall consist of the Stalking Horse Bidder's offer to purchase the Westway Interests for the Westway Proceeds in the amount of $20,000.00 in cash.

If no Qualified Bidder appears or tops the Stalking Horse Bid at the Equity Auction, then the Equity Auction shall be over and the Stalking Horse Bidder will be the Westway Purchaser. There shall be no break-up fee, expense reimbursement, or other consideration or payment to the Stalking Horse Bidder for serving as such, regardless of the outcome of the Equity Auction.

      c.     <u>Due Diligence.</u>

No later than May 1, 2025, the Debtors will create a virtual data room into which they will place documents, financial information, financial projections, and such other information as a person interested in becoming a Qualified Bidder may reasonably expect for the purpose of performing due diligence with respect to participating in the Equity Auction; *provided, however,* that the Debtors reserve the right to redact sensitive and proprietary information. Any person may gain access to said virtual data room, at any time prior to May 27, 2025, by: (i) executing a reasonable and customary non-disclosure agreement; and (ii) identifying in writing who the person is or who the person represents and, in the event the person is an artificial entity or represents an artificial entity, the identity of the owners of such artificial entity, all reasonably sufficient in detail to enable the Debtors to determine whether such person or anyone represented by such person is an insider of the Debtors.

      d.     <u>Qualified Bidders.</u>

To become a Qualified Bidder, a person must meet the following qualifications, no later than May 28, 2025:

      (i) provide a Qualified Bid to the Debtors;

      (ii) demonstrate to the Debtors the financial wherewithal to pay the Westway Proceeds as provided for in the Plan;

      (iii) agree to appear at the Confirmation Hearing and to provide such information and testimony, subject to applicable rights and privileges, as may be lawfully elicited from such person.

In order to constitute a Qualified Bid, an otherwise Qualified Bidder's bid must meet the following requirements:

      (i) be in writing and irrevocable; and

      (ii) provide for the payment of Westway Proceeds in an amount not less than the Stalking Horse Bid plus $1,000.00.

For the avoidance of doubt, the Stalking Horse Bid is a Qualified Bid notwithstanding the foregoing requirements.

      e.      <u>Participation in Equity Auction.</u>

The Debtors, and their respective advisors shall examine the information provided by any person seeking to become a Qualified Bidder.  No later than 5 p.m. (prevailing central time) on May 29, 2025, the Debtors shall: (i) inform the Stalking Horse Bidder and all Qualified Bidders whether there are Qualified Bidders and therefore whether the Equity Auction will occur; and (ii) with respect to any Person whom the Debtors have rejected as a Qualified Bidder, inform that Person of such determination and the reason(s) for that determination.  Only Qualified Bidders and the Stalking Horse Bidder may attend bid at the Equity Auction, which shall be transcribed.  The Equity Auction shall be open and transparent such that each Qualified Bidder and the Stalking Horse Bidder will know what the then-highest and best bid is.  The Debtors shall begin the Equity Auction by announcing the highest and best bid and asking the Stalking Horse Bidder and all other Qualified Bidders whether any of them wishes to place a higher and better bid.  The Equity Auction will then proceed, with the Debtors making the determination in their reasonable judgment as to what the highest and best bid is, until, in their determination, there is no higher or better bid, at which point the Debtors shall conclude the Equity Auction.

      f.      <u>Winning Bidder(s).</u>

The Debtors shall declare in their sole and absolute discretion who the winning bidder at the Equity Auction is and, no later than twenty-four (24) hours after the Equity Auction, shall file with the Bankruptcy Court and serve on any person objecting to this Plan information sufficient to identify the winning bidder and the details of the winning bid, including any agreements, documents, and proposed management that may be part of such bid.  Should any other Qualified Bidder wish to serve as a backup bidder in the event that the winning bidder fails to close on its bid, they may so inform the Debtors, in which case the Debtors shall likewise file and serve the same information for such backup bidder.  Other than the bid deposit of the winning bidder and any backup bidder, all other deposits shall be immediately returned.

40.      Because the Notice of Equity Auction and Combined Hearing is being sent to the Creditor Matrix filed in these cases, all known and potential creditors will received notice of the Equity Auction.  The Debtors consider this notice sufficient to solicit potential bids for the Westway Interests.  Accordingly, the Equity Auction procedures set forth above should be approved.

      **F.**      **Undeliverable Notices and Solicitation Materials.**

41.      The Solicitation and Voting Procedures provide that the Debtors are not obligated to redistribute the Notice of Equity Auction and Combined Hearing, Solicitation Packages, and/or

any other approved notices related to the confirmation of the Plan to any entity to the extent notices or materials sent to such entity's listed address are returned as undeliverable. The Solicitation and Voting Procedures do not require the Debtors to send the Notice of Equity Auction and Combined Hearing, Solicitation Package, and/or any other notices for which the Debtors seek approval in this Motion to any address that the Debtors have sent a notice in the last six (6) months, which notice was returned as undeliverable.

42.    The Debtors request that the Court determine that not redistributing or not distributing, as the case may be, materials and notices to such entities does not constitute inadequate notice of the Notice of Equity Auction and Combined Hearing, the Solicitation Package, the DSPL, any deadlines sought to be approved by this Motion, or a violation of the Bankruptcy Code or Bankruptcy Rules. For purposes of serving the Solicitation Packages, and Non-Voting Status Notices, the Debtors request authorization to rely on the address information for the creditors receiving such notice as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date, without any requirement to conduct additional research for updated addresses based on undeliverable Solicitation Packages (including the Ballot), or Non-Voting Status Notices.

**Non-Substantive Modifications**

43.    The Debtors request authorization to make non-substantive and immaterial changes to the DSPL, Notice of Equity Auction and Combined Hearing, Solicitation and Voting Procedures, Ballot, Non-Voting Status Notice, and related documents without further order of the Court. These changes could include changes to correct typographical and grammatical errors, if any, and to make conforming changes to any other materials in the Solicitation Packages before distribution.

**Notice**

44.     The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) BANA and its counsel; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, no other or further notice need be provided.

The Debtors respectfully request that the Court enter Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 24th day of March 2025.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Brenda L. Funk*
    John D. Cornwell
    Texas Bar No. 24050450
    Brenda L. Funk
    Texas Bar No. 24012664
    Julian P. Vasek
    Texas Bar No. 24070790
    Alexander R. Perez
    Texas Bar No. 24074879
    700 Milam St., Suite 800
    Houston, TX 77002
    Telephone: (713) 222-1470
    Facsimile: (713) 222-1475
    jcornwell@munsch.com
    bfunk@munsch.com
    jvasek@munsch.com
    arperez@munsch.com

*Counsel to the Debtors and Debtors-in-Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2025, I personally caused to be served a true and correct copy of the above and foregoing document by electronically filing it with the Court using the Court's CM/ECF system.

*/s/ Brenda L. Funk*
Brenda L. Funk